UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:  CASE NO. 6:11-bk-12999

GLOBAL HOTELS GROUP, LLC,  CHAPTER 11
a Florida limited liability company,

Debtor.
_____/

## CHAPTER 11 CASE MANAGEMENT SUMMARY

**GLOBAL HOTELS GROUP, LLC** ("Global" or the "Debtor"), by and through its undersigned counsel, and pursuant to Administrative Order FLMB 2009-1, hereby files its Chapter 11 Case Management Summary and states as follows:

1. On August 26, 2011 ("Petition Date"), Global filed its petition for relief under Chapter 11 of Title 11 of the United States Code ("Code") (Doc. No. 1).

2. No trustee has been appointed. The Debtor continues to operate its business and manage its property as a debtor-in-possession under Sections 1107 and 1108 of the Code.

### I. Description of the Debtor's Business

3. Debtor is a multi-member Florida limited liability company which came into existence in 2006, when it changed its name from Global Hotels Group I, LLC. The Debtor was created to hold and develop a Holiday Inn Express Hotel & Suites which is located on International Drive, Orlando, Florida (the "I-Drive Holiday Inn Express" or "Hotel"). The I-Drive Holiday Inn Express is a 156-key, select-service hotel located in the heart of the International Drive submarket tract with close proximity to Universal Orlando Resort, the Orange County Convention Center, and Sea World. The I-Drive Holiday Inn Express was constructed and opened in January 2009 by the

Debtor. The Hotel includes high-end room amenities, including, but not limited to, over 1,000 square feet of meeting space, a fitness center, outdoor pool and hot tub, grab and go convenience mart, business center, parking and a complimentary shuttle to area theme parks. The Debtor's revenue from the hotel is derived from room and amenity rentals as well as the food market.

## II. Location of the Debtor's Properties and Type of Property Interest

4. The Debtor owns the real property on which the I-Drive Holiday Inn Express is situated at 7276 International Drive, Orlando, Florida 32819. Furthermore, the Debtor owns all of the Hotel's furniture, fixtures and equipment. Additionally, as set forth below, the Debtor also believes it has significant assets based on causes of action it has against General Electric Capital Corporation ("GECC"), GE Capital Commercial of Utah, LLC ("GECCU") and Covendium, LLC ("Covendium").

## III. Reasons for Bankruptcy Filing

5. Overall, the historic, unexpected and unprecedented economic downturn has directly impacted Global such that it has not been able to make payments to its creditors.

6. In 2009, due largely to the downturn and in an attempt to maintain its relationship with its primary secured lender, GECC, the Debtor attempted to restructure its loan with GECC (the "Global Loan"). The only restructuring that GECC would agree to with respect to the Global Loan was to drastically cut the loan's term, increase its interest rate, and increase the Debtor's principals' exposure on their personal guarantees.

7. Over the next year, the Debtor and a related and affiliated company, AMBE Hotels, LLC ("AMBE"), which owns and operates a Holiday Inn Express in Orange City, Florida, continued to attempt to negotiate their respective loans with their lenders, GECC and GECCU, respectively.

However, GECC and GECCU would not discuss further restructuring without the Debtor, AMBE and the Debtor's principals agreeing to pledge additional collateral from nonparties and consent to a confession of judgment and appointment of a receiver in the event of a monetary or nonmonetary default. This arrangement simply was not financially feasible for the Debtor.

8. On November 4, 2010, the Debtor and AMBE entered into a consulting and resolution services agreement with Covendium to obtain assistance in renegotiating their respective loans with GECC and GECCU. The Debtor paid over $30,000.00 to Covendium as required by the resolution services agreement.

9. Over the following six (6) months, the Debtor and Covendium on one hand, and GECC on the other, negotiated the purchase and sale of the Global Loan. The intent was for a third-party company to purchase the Global Loan.

10. However, during this same time, on March 7, 2011, GECC and GECCU commenced foreclosure proceedings in the United States District Court in Arizona against Global and AMBE and sought, *inter alia*, the appointment of receivers at the subject properties (the "Lawsuit").

11. On or about April 7, 2011, Global believed that it had a deal with GECC with respect to the Global Loan. The essence of the deal included the purchase and sale of the Global Loan, AMBE Loan and their respective loan documents, by a third party for the sum of Thirteen Million Dollars ($13,000,000.00) (the "Agreement").

12. Based on the representations of GECC and GECCU, at the advice and direction of Covendium and pursuant to the Agreement, Global directly and indirectly transferred $700,000.00 to Covendium between April 2011 and July 2011 (the "Earnest Money"). Covendium induced Global to transfer the Earnest Money upon the promise that Covendium had raised the funds to

consummate the loan purchase. However, Covendium, GECC and GECCU never provided the Debtor with a written agreement or explained how the Earnest Money would be held until the final consummation of the Agreement.

13. After Global paid the Earnest Money to Covendium, Covendium refused or otherwise would not refund the Earnest Money back to Global. Covendium failed to find the financing for the loan purchase and failed to complete any task for which it was hired.

14. Shortly thereafter, GECC and GECCU indicated they would continue with the Lawsuit, including the application for an appointment of a receiver. GECC and GECCU also reneged on their promise to discount the loan.

15. The Debtor has continued to meet its other obligations related to operating the I-Drive Holiday Inn Express. Chapter 11 reorganization will allow the Debtor time to reorganize its debts, prosecute the causes of action, and improve its ability to meet its credit obligations long term.

### IV. Ownership Interests in Debtor and Salaries and Benefits of Officers and Directors During the Year Preceding Bankruptcy

16. The ownership interests of the Debtor are as follows:

70% is owned by Jagdish Singh, and his annual salary in 2010 and 2011 was $0.00.

30% is owned by Kuldip Singh, and his annual salary in 2010 and 2011 was $0.00.

17. Prepetition, Global Properties Management, LLC, a company owned and operated by insiders of the Debtor, managed the I-Drive Holiday Inn Express and received a management fee of four percent (4%) of monthly gross revenue for the Hotel. Post-petition, Debtor will request officer's salary for Mr. Jagdish Singh in the amount of $75,000.00 annually.

## V. Amounts Owed to Various Classes of Creditors

18. As of the Petition Date, Debtor was indebted to its secured creditors as follows:

| Secured Lender | Approximate Amount |
|---|---|
| GECC | $12.7 million |
| Property Taxes | $110,000.00 |

19. Debtor has approximately $138,000.00 in nondisputed unsecured trade and pledge debt, not including intercompany loans or loans by the Debtor's principals.

## VI. General Description and Approximate Value of Debtor's Current and Fixed Assets

20. Debtor owns the real property upon which the Hotel is constructed in Orlando, Florida. The Debtor also owns the Hotel's fixtures and personal property. The Debtor is uncertain as to the current market value of the Hotel and its related amenities, fixtures and personal property. The Debtor believes its causes of action against GECC and Covendium with a value that exceeds $750,000.00.

## VII. Number of Employees and Amounts of Wages Owed as of Petition Date

21. As of the Petition Date, not including Debtor's members, the Debtor directly employs a hotel manager, sales manager and approximately fourteen (14) additional individuals who assist with the management, maintenance and operations of the Hotel who are owed, as of the Petition Date, $15,444.00 for wages, bonuses and benefits. The Debtor also leases a number of other individuals from third-party leasing companies to assist with the housekeeping, maintenance and operation of the Hotel.

# VIII. Anticipated emergency relief to be requested within 14 days from the Petition Date

22. The following First-Day Motions will be filed:

   a. Motion to Use Cash Collateral;

   b. Motion to Maintain Bank Account;

   c. Motion to Pay Employee Wages; and

   d. Motion for Joint Administration.

Dated this 26th day of August 2011.

/s/ Justin M. Luna
**R. Scott Shuker**
Florida Bar No. 984469
rshuker@lseblaw.com
**Justin M. Luna**
Florida Bar No. 0037131
jluna@lseblaw.com
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
**bknotice@lseblaw.com**
111 N. Magnolia Ave., Suite 1400
Orlando, Florida 32801
Telephone: 407-481-5800
Facsimile: 407-481-5801
*Attorneys for Debtor*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:  CASE NO. 6:11-bk-12999

**GLOBAL HOTELS GROUP, LLC, a**  CHAPTER 11
**Florida limited liability company,**

          **Debtor.**
_____/

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true copy of **CHAPTER 11 CASE MANAGEMENT SUMMARY** has been furnished either electronically and/or by U.S. First Class, postage prepaid mail to: Global Hotels Group, LLC, c/o Global Properties Management, LLC, Attn: Jagdish Singh, 7276 International Drive, Orlando, Florida 32819; General Electric Capital Corporation, 8377 E. Hartford Drive, Scottsdale, Arizona 85255; Susan G. Boswell, Esq., Quarles & Brady LLP, a/f General Electric Capital Corporation, Renaissance One, Two North Central Avenue, Phoenix, Arizona 85004-2391; the twenty largest unsecured creditors, as shown on the matrices attached to the original of this summary filed with the Court; and the U.S. Trustee, 135 West Central Boulevard, Suite 620, Orlando, Florida 32801, this 26th day of August 2011.

                                                /s/ Justin M. Luna
                                                **Justin M. Luna, Esq.**

Global Hotels Group, LLC

Aectica Ice Cream
500 N.E 185the Street
Miami, FL 33179

American Express
Travel Related Svcs
P.O. Box 53888
Phoenix, AZ 85072-3888

Bagal King Bakery Wholesale
668 West Kennedy Blvd
Orlando, FL 32810

Bank Of America
P.O.Box 15710
Wilmington, DE 19886-5710

BB&T
Hotel Insurance 10177 Programs Of Americ
1661 Sandspur RD
Maitland, FL 32751

Container Reantal Co Inc
P.O.Box 547874
Orlando, FL 32854

Coastline Wholesale
Signs & Services
424 Bellevue Ave
Daytona Beach, FL 32114

Commercial Equipment Leasing
8742 Innovation Way
Chicago, IL 60682-0087

Dyna Fire, Inc.
109 B Concord Dr.
Casselberry, FL 32707-3270

General Electric Capital
Corporation
Attn: Pres/Gen Mgr
8377 E Hartford Dr
Scottsdale, AZ 85255

Global Properties Mgmt LLC
Attn: J Singh
7276 International Dr
Orlando, FL 32819

Guest Supply
4301 US Highway One
P.O.B 902
Monmouth Junctiomn, NJ 08852

HD Supply Facilities Mtn Ltd
P.O.Box 509058
San Diego, CA 92150-9058

Kuldip Singh
c/o Jagdish Singh
9575 Westover Roberts Rd
Windermere, FL 34786

Mowrey Elevator Co
4518 Lafayette Street
Marianna, FL 32446

Office Depot
P.O.Box 633211
Cincinnati, OH 45263-3211

Onity Inc.
Lockbox 223067
Pittsburgh, PA 15251-2067

Orange Cty Tax Collector
Attn: Earl K. Wood
PO Box 2551
Orlando, FL 32802-2551

Royal Cup
160 Cleage Drive
P.O.Box 170971
Birmingham, AL 35217-0971

Susan G Boswell, Esq
Quarles & Brdy, LLP
One South Church St, #1700
Tucson, AZ 85701

Sysco Food Services
P.O.Box 40
Ocoee, FL 34761-0040

The Hardford Insurance Co
P.O. Box 2907
Hartford, CT 06104-2907

The Traveler Series
3891 Rincon Project Group
Santa Barbara, CA 93105

USA Today
P.O.Box 79782
Baltimore, MD 21279-0782

United States Trustee
135 W. Central Blvd., Ste. 620
Orlando, FL 32801